# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PORFIRIO DUARTE-HERRERA,<br><br>Petitioner,<br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>Respondents. | Case No. 2:15-cv-01843-GMN-CWH<br><br>ORDER |

This counseled habeas matter comes before the Court on several pending motions.

On November 23, 2015, the Court appointed Angela Dows to represent petitioner in this action. On February 9, 2016, petitioner filed a first amended petition containing both exhausted and unexhausted claims. On April 8, 2016, petitioner filed a motion for stay and abeyance while he exhausted his state court remedies as to the unexhausted claims. (ECF No. 11).

On March 6, 2017, Dows moved to withdraw as counsel on the grounds that her caseload was too large to adequately represent the petitioner in this case. (ECF No. 18). Dows also moved for the appointment of new counsel to represent petitioner. (ECF No. 20). On June 20, 2017, petitioner moved for appointment of new counsel on the grounds that Dows had told him she would be withdrawing from the case. (ECF No. 22).

On July 7, 2017, Dows filed a status report indicating that the state court exhaustion process was complete (ECF No. 23).

1

On October 25, 2017, Dows filed a motion to withdraw her motion to withdraw. (ECF No. 24). In the motion, Dows states that she has reduced her caseload and can now adequately represent petitioner. Dows further states that she mailed her motion to withdraw the motion to withdraw to petitioner to give him an opportunity to object. Dows requests that she be allowed to complete the petition process, including supplementing the petition or, if necessary, filing a motion to amend.

The completion of the exhaustion process renders petitioner's motion to stay moot. According, IT IS ORDERED that the motion to stay and abey (ECF No. 11) is DENIED AS MOOT.

Petitioner has not objected to Dow's continued representation, and the time for doing so has expired. According, good cause appearing, IT IS FURTHER ORDERED that the motion to withdraw the motion to withdraw (ECF No. 24) is GRANTED. The previously filed motion to withdraw as counsel (ECF No. 18) is hereby WITHDRAWN. Dows will continue to represent petitioner in this action.

IT IS FURTHER ORDERED that the pending motions for appointment of counsel (ECF Nos. 20 & 22) are DENIED AS MOOT.

IT IS FURTHER ORDERED that petitioner shall have thirty days from the date of this order to either supplement his first amended petition or file a motion to amend.

IT IS FURTHER ORDERED that respondents shall have forty-five days from the filing of a supplemental petition to answer or otherwise respond to the petition. Petitioner may file a reply within thirty (30) days of service of an answer. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that any procedural defenses raised by respondents to the first amended petition shall be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28

U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that any state court record and related exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (i.e., Attachment 1, 2, etc.).

IT IS FURTHER ORDERED that the hard copy of any exhibits filed by either counsel shall be delivered – for this case – to the Reno Clerk's Office.

DATED THIS 27 day of ____ 2017.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE