UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PORFIRIO DUARTE-HERRERA,<br><br>                  Petitioner,<br>v.<br><br>BRIAN WILLIAMS, et al.,<br><br>                  Respondents. | Case No. 2:15-cv-01843-GMN-CWH<br><br>ORDER |

This counseled habeas petition comes before the Court on respondents' motion to dismiss (ECF No. 75). Petitioner has opposed (ECF No. 81), and respondents have replied (ECF No. 82).

**I. Background**

Petitioner in this action challenges two state court judgments of conviction, charged in the same case but tried separately. (ECF No. 10). In the first trial, petitioner was convicted of murder of the first degree with use of a deadly weapon, attempt murder with use of a deadly weapon, two counts of possession of explosive or incendiary device, and transportation or receipt of explosives for unlawful purpose with substantial bodily harm in connection with a fatal bombing in a Luxor casino parking garage on May 7, 2007 (hereinafter "Luxor bombing"). (Exs. 76 & 161).[1] In the second trial, petitioner was convicted of attempt murder with use of a deadly weapon, manufacture and/or possession of explosive or incendiary device, and malicious destruction of private property in

---

[1] The exhibits cited in this order are located at ECF Nos. 31-61 and 76-78.

1

connection with a bombing in a Home Depot parking lot on October 31, 2006 (hereinafter "Home Depot bombing"). (Exs. 162, 167 & 169).

Jury trial in the Luxor bombing commenced on August 17, 2009, and the first phase concluded with a verdict of guilty on all counts on August 28, 2009. (*See* Exs. 82 & 95b). Petitioner was sentenced on January 28, 2010, and judgment of conviction was entered on February 8, 2010. (Exs. 103 & 104). Petitioner appealed, and the Nevada Supreme Court affirmed. (Exs. 105, 108 & 113).

While the Luxor appeal was pending, the Home Depot trial took place. (*See* Exs. 163-65). Following a three-day jury trial, petitioner was found guilty on all counts. (Ex. 167). After sentencing and entry of judgment of conviction, petitioner appealed. (Exs. 112 & 168). On appeal, the Nevada Supreme Court affirmed in part, reversed in part and remanded. (Ex. 118). In reversing, the Nevada Supreme Court found redundant petitioner's convictions for attempt murder with use of a deadly weapon and possession of an explosive or incendiary device during the commission of a felony. (*Id.* at 5-6). An amended judgment of conviction was entered on July 17, 2012. (Ex. 169).

On June 20, 2012, before amended judgment of conviction was entered for the Home Depot bombing, petitioner filed a state postconviction petition related to the Luxor bombing. (Ex. 122). On January 2, 2013, petitioner filed a petition related to the Home Depot bombing. (Ex. 123). On September 25, 2013, appointed counsel filed a supplemental petition relating only to the Luxor bombing. (Ex. 130). The trial court considered and denied only the Luxor petition, which the Nevada Supreme Court affirmed on appeal. (Exs. 133 & 142). To date, the Home Depot petition has not been ruled on. (Ex. 133 at 4 n.1 (trial court noting that its "findings relate solely to the Luxor bombing. Defendant still has an outstanding pro per Petition on the Home Depot bombing."); Ex. 171 at 2 n.4 (Nevada Supreme Court noting on April 19, 2017, that the Home Depot petition had not yet been decided); *see also* https://www.clarkcountycourts.us/portal (last accessed Nov. 8, 2018) (docket in petitioner's case reflects no ruling on the Home Depot petition subsequent to April 19, 2017).

2

Thereafter, petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1-1). This Court appointed counsel, who filed an amended petition. (ECF No. 10). Counsel represented that several claims in the first amended petition were unexhausted because they had not been raised on appeal in postconviction proceedings. (*See id.* at 10-11). In an attempt to exhaust those claims, petitioner filed a second state postconviction habeas petition identical to the first amended petition in this case (hereinafter "the 2016 petition"). (Ex. 144). The state trial court denied the 2016 petition as untimely, successive, and an abuse of the writ, and the Nevada Court of Appeals affirmed. (Ex. 150 at 5-6; Ex. 171).

Following the state courts' resolution of the 2016 petition, petitioner represented to this Court that the exhaustion process was complete. (ECF No. 23; ECF No. 24 at ¶ 7). The Court accordingly denied as moot a pending motion to stay and directed petitioner to supplement his petition or file a motion to amend. (ECF No. 27). Petitioner filed a supplement to his petition which, for clarity, the Court designated as a second amended petition. (ECF No. 64 & 67).

The second amended petition (ECF No. 64) is the operative petition in this case. Respondents now move to dismiss fourteen of the petition's eighteen claims as procedurally defaulted, and Ground 11 as duplicative of Ground 16.[2]

**II. Analysis**

A. Procedural Default

A federal court cannot review a claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in

---

[2] Respondents argue for the first time in their reply that one additional ground -- Ground 12 -- is procedurally defaulted. The Court will not consider contentions raised for the first time in a reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). However, even if the Court were to consider it, the motion to dismiss Ground 12 would be denied. Ground 12 is not procedurally defaulted; it was exhausted in petitioner's direct appeal of the Home Depot conviction. (ECF No. 64 at 52; Ex. 114 at 9).

3

presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

The Ninth Circuit has held that the Nevada Supreme Court's application of the timeliness rule in § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). The Ninth Circuit also has held that, at least in non-capital cases, Nev. Rev. Stat. § 34.810 is an independent and adequate state ground for procedural default. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

All claims in the operative petition were included in the 2016 state habeas petition, which the Nevada Court of Appeals dismissed as untimely and, in part, successive. However, as respondents at least implicitly recognize, several of the claims in the second amended petition were raised by petitioner in procedurally proper filings before the 2016 petition was filed. Respondents contend that only those *exhausted* before the 2016 petition was decided are free from the procedural bars applied to the 2016 petition. Respondents accordingly argue that Grounds 1, 2, 4, 6, 7, 9, 10, 11, 13, 14, 15, 16, 17 and 18 are procedurally defaulted.

Petitioner, on the other hand, argues that the procedural bars are not properly applied to any claim that was raised by petitioner in a procedurally proper filing, whether exhausted before the 2016 petition or not. Petitioner asserts that Grounds 1, 2, 4, 9, 13

4

and 16 are not procedurally defaulted because they were exhausted in either petitioner's direct appeal or his previous postconviction petitions. (ECF No. 81 at 12). Petitioner further asserts that Grounds 11, 14, 15, 17, and 18 were raised in the pending Home Depot petition and that no procedural bar should apply to any claims raised in that petition. (*Id.*)

The Court begins by noting an error in petitioner's argument.[3] While petitioner asserts that Ground 11 was raised in the Home Depot petition, this is not true. Ground 11 was raised in petitioner's direct appeal of the Home Depot bombing. It was Ground 16, which as discussed *infra* differs only slightly from Ground 11, that was raised in the Home Depot petition. (*Compare* Ex. 114 at 7 *with* Ex. 123 at 10). The Court therefore has organized its discussion of the petitioner's claims somewhat differently than has been presented in the parties' briefs.

i. Grounds 1, 2, 11 & 13

It is plain from the record that Grounds 1, 2, 11, and 13 were in fact raised in and exhausted through petitioner's direct appeals and thus are not subject to a procedural default.[4] Respondents' assertion that these claims were not federalized because the Nevada Supreme Court relied on state law in addressing them is without merit. Petitioner raised the claims as federal claims, which was sufficient to fairly present the federal claims to the state courts, regardless of whether the Nevada Supreme Court actually addressed them as federal claims. The motion to dismiss Grounds 1, 2, 11, and 13 as procedurally defaulted will therefore be denied.

---

[3] The Court does recognize that petitioner's classification of these claims derives from the state trial court's findings, (*see* Ex. 150 at 8), but it is apparent from the record that the state trial court slightly erred in this respect.

[4] Grounds 1 and 2 were exhausted in petitioner's direct appeal of the Luxor bombing conviction. (ECF No. 64 at 31 & 34; Ex. 108 at 19 & 22). Grounds 11 and 13 were exhausted in petitioner's direct appeal of the Home Depot bombing conviction. (ECF No. 64 at 50 & 54; Ex. 114 at 7 & 10).

5

ii. Ground 4

Ground 4 asserts that petitioner's due process rights were violated when the trial court refused to sever his trial from that of his co-defendant. (ECF No. 64 at 39). Respondents argue that while this claim was asserted in the Luxor petition and supplement, it was not asserted on appeal and thus was not presented to the Nevada Supreme Court. (*See* Ex. 122 at 7-8; Ex. 130 at 6-10).[5] The Court disagrees. While petitioner argued on appeal that appellate counsel was ineffective with respect to the severance issue, the specific claim raised on appeal was that the trial court erred in denying petitioner's claim with respect to severance. (Ex. 139 at 13).[6] The claim raised in the trial court was the *substantive* claim, not an ineffective assistance of appellate counsel claim. (*See* Ex. 133 at 4; Ex. 142). Thus, substantive claim was fairly presented to the Nevada Supreme Court. Ground 4 is not procedurally defaulted, and the motion to dismiss Ground 4 will be denied.

iii. Grounds 9 & 17

Ground 9 asserts that trial counsel was ineffective for failing to investigate petitioner's actual innocence in the Luxor case. (ECF No. 64 at 47). Ground 17 asserts the same claim with respect to the Home Depot bombing. (ECF No. 64 at 59). The first time either of these claims was presented to the state courts was in the 2016 petition. The Court notes that while an actual innocence claim was presented in the Luxor petition, it was only the free-standing claim, not an ineffective assistance of counsel claim. The Home Depot petition raised neither type of claim.[7] Nor have the state's highest courts addressed an ineffective assistance of counsel claim related to the failure to investigate actual innocence in either the Luxor or the Home Depot case. Thus, neither Ground 9

---

[5] Citation is to ECF page number at the top of the page.

[6] It should be noted that while the cover sheet for Exhibit 139 identifies it as the "Appellant's Reply" the document is actually the opening brief on appeal.

[7] While the Home Depot petition raised a claim that trial counsel was ineffective for failing to investigate an alternate suspect, this is not the same as alleging counsel failed to investigate petitioner's actual innocence, particularly where the failure to investigate an alternate suspect is alleged as its own separate claim in the instant federal habeas petition.

nor Ground 17 were exhausted until the 2016 petition, and both are therefore procedurally defaulted.

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The only argument petitioner advances as cause for the default is *Martinez v. Ryan*, 566 U.S. 1 (2012). In *Martinez*, the United States Supreme Court created a narrow, equitable rule that allows petitioners to, in some cases, establish cause for a procedural default where a substantial claim of ineffective assistance of trial counsel was not raised in initial review collateral proceedings due to the absence or ineffective assistance of postconviction counsel. *Id.* at 16-17.

The question of whether a petitioner has established cause under *Martinez* for default of a claim is intertwined with the merits of the claim itself. The Court will therefore defer consideration of petitioner's cause argument as to Grounds 9 and 17 until the time of the merits determination.

iv. Grounds 14, 15, 16 & 18

Grounds 14, 15, 16 and 18 were raised in petitioner's Home Depot petition, which as discussed remains pending. (Ex. 123 at 6, 8, 10 & 21; ECF No. 64 at 57-60). The procedural bars applied by the Nevada Court of Appeals to the 2016 petition cannot extend to any of the claims asserted in the still-pending Home Depot petition, which was filed before the 2016 petition. However, because those claims are still pending, the Court is compelled to conclude that they are, as yet, unexhausted.

v. Grounds 6, 7 & 10

Petitioner admits that Grounds 6, 7 and 10 were raised for the first and only time in his 2016 petition. However, petitioner argues, the claims are not procedurally defaulted because the state courts' application of the procedural bars was not independent of federal law.

Ground 6 asserts that the trial court erred in admitting in the Luxor case statements of petitioner's co-defendant which were illegally and/or involuntarily obtained. (ECF No. 64 at 44). Ground 7 asserts that the trial court erred in the admission of these statements without providing petitioner an opportunity to cross examine his co-defendant. (ECF No. 64 at 45). Ground 10 asserts cumulative error on the basis of all claims of error in the Luxor trial. (ECF No. 64 at 49).

Petitioner's argument appears to be that *Coleman* does not apply because the state trial court discussed the merits of these federal claims in applying the procedural bars and thus its decision was not independent of federal law. The *Coleman* determination is based on the decision of the last state court to which the petitioner presented his claims. Here, the Nevada Court of Appeals was the last state court to which petitioner presented his claims, and the Nevada Court of Appeals "clearly and expressly rel[ied] on an independent and adequate state ground" in dismissing the petition as

procedurally barred.[8] *See Coleman*, 501 U.S. at 735. No part of the Court of Appeals' decision was interwoven with federal law. Grounds 6, 7 and 10 are therefore procedurally defaulted.

Apart from *Martinez*, petitioner advances no argument establishing cause for the procedural default of these claims. *Martinez* does not apply to substantive claims of trial court error, such as are alleged in Grounds 6 and 7. *Martinez*, 566 U.S. at 16-17. Grounds 6 and 7 must therefore be dismissed as procedurally defaulted. Ground 10, the cumulative error claim, must also be dismissed as procedurally defaulted to the extent it relies on claims of substantive trial court error and ineffective assistance of appellate counsel. *See id.*; *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). *Martinez* could potentially supply cause for the default of Ground 10 to the extent, and only to the extent, it relies on any viable ineffective assistance of trial counsel claims. As with Grounds 9 and 17, the Court will defer analysis of this cause argument until the merits determination.

B. Duplicative Claims

Respondents contend that Ground 11 is duplicative of Ground 16.

In Ground 11, petitioner asserts that his "rights to due process, equal protection, and a fair trial were violated because there was insufficient evidence to support his conviction for attempted murder" in the Home Depot case. (ECF No. 64 at 50). In Ground 16, petitioner asserts that his rights to due process, present a defense, equal protection, and a fair trial were violated because there was "Insufficient Evidence to Support Attempted Murder, and Improper Burden-Shifting Thereto," in the Home Depot case. (ECF No. 64 at 58). Ground 11 and Ground 16 are not therefore completely duplicative. However, because Ground 11 is exhausted and Ground 16 is not, the Court will for the time being treat the claims separately. The motion to dismiss either claim as duplicative will therefore be denied without prejudice.

---

[8] Petitioner's argument that the Court must look through the Nevada Court of Appeals decision under *Wilson v. Sellers*, 138 S. Ct. 1188 (Apr. 17, 2018) is not persuasive. The Nevada Court of Appeals decision was not unexplained.

**III. Renewed Motion to Stay**

As discussed, Grounds 14, 15, 16 and 18 are unexhausted, which means the petition in this case is mixed. In his opposition to the motion to dismiss, petitioner renews the motion to stay and abey pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) in the event the Court finds any of the claims in the petition unexhausted. Respondents do not respond.

In *Rhines*, the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust his claims in state court. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court.

*Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Ineffective assistance of postconviction counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014).

The Court finds good cause for the failure to exhaust based on the state court's failure to resolve the Home Depot petition for more than five years, despite resolving the related petition several years ago. The claims further are not plainly meritless and there is no indication that petitioner has engaged in intentionally dilatory litigation tactics. Accordingly, this action will be stayed so that petitioner can return to state court in order to seek completion of state court proceedings on the Home Depot petition.

**Conclusion**

In accordance with the foregoing, IT IS HEREBY ORDERED that respondents' motion to dismiss (ECF No. 75) is GRANTED IN PART and DENIED IN PART as follows:

1. Grounds 1, 2, 4, 11 and 13 are not procedurally defaulted;

2. Grounds 9 and 17 are procedurally defaulted, but the Court defers consideration of cause and prejudice for the default until the merits determination;

3. Grounds 14, 15, 16 and 18 are unexhausted;

4. Grounds 6 and 7 are dismissed as procedurally defaulted; and

5. Ground 10 is procedurally defaulted and is dismissed to the extent it relies on claims of substantive trial court error and ineffective assistance of appellate counsel; the Court defers consideration of cause and prejudice of the cumulative errors of any viable ineffective assistance of trial counsel claims until the merits determination.

IT IS FURTHER ORDERED that petitioner's renewed motion for a *Rhines* stay and abeyance is GRANTED.

IT IS FURTHER ORDERED that this action is stayed pending exhaustion of the unexhausted claims in petitioner's amended petition.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner further litigating his Home Depot petition in state court and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme

Court of Nevada at the conclusion of the state court proceedings on the Home Depot petition.

It is further ordered that the Clerk shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

IT IS SO ORDERED.

DATED THIS 13 day of November 2018.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE